

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| CLEVE L. MOLETTE, | ) | No. ED102517 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Honorable Maura B. McShane |
| DARREN WILSON, | ) | |
| | ) | |
| Respondent. | ) | FILED: September 1, 2015 |

### Introduction

Appellant Cleve Molette ("Molette") appeals from a trial court order dismissing his affidavit without further action. Molette filed this affidavit with the trial court under Section 545.250.[1] This Section allows private citizens to submit affidavits detailing crimes for use by the prosecuting attorney. On appeal, Murray argues that the trial court violated his due-process rights in dismissing his affidavit without notice or an opportunity to be heard. Because Molette lacked capacity to prosecute this action in the name of the State of Missouri, his case is hereby dismissed.

---

[1] All statutory references are to RSMo (2000).

Factual and Procedural History

After the Michael Brown ("Brown") shooting incident that occurred on August 9, 2014, in Ferguson, Missouri, Appellant Cleve Molette filed an "Affidavit for Criminal Complaint" under Section 545.250. Section 545.250 reads:

> When any person has knowledge of the commission of a crime, he may make his affidavit before any person authorized to administer oaths, setting forth the offense and the person or persons charged therewith, and file the same with the clerk of the court having jurisdiction of the offense, for the use of the prosecuting attorney, or deposit it with the prosecuting attorney, furnishing also the names of the witnesses for the prosecution; and it shall be the duty of the prosecuting attorney to file an information, as soon as practicable, upon said affidavit, as directed in section 545.240.

Molette filed his affidavit *pro se* in the St. Louis County Circuit Court on December 2, 2014. The affidavit alleged Darren Wilson ("Wilson") shifted his vehicle into reverse and forcefully accelerated towards Brown and Dorian Johnson ("Johnson"). Molette's affidavit further alleged Wilson initiated a verbal encounter with Brown and Johnson, thrusted the car door open which hit Johnson, and grabbed ahold of Brown's shirt. According to the affidavit, Wilson's conduct constituted third-degree assault under Section 565.070.

On December 4, 2014, the trial court entered an order dismissing the affidavit without further action. The trial court took judicial notice that the Brown-Wilson incident had been investigated by the prosecuting attorney of St. Louis County and a grand jury. The trial court noted that the prosecuting attorney has discretion under Missouri law to file charges. The trial court further noted that upon concluding a four-month investigation of the shooting incident, the grand jury issued a no true bill declining to indict Wilson on any charges. The trial court then reasoned that the prosecuting attorney had exercised his judgment not to issue any criminal charges against Wilson as a result of the incident. In dismissing Molette's affidavit, the trial court stated, "Mr. Molette files his affidavit in an apparent attempt to impose his judgment that a

2

crime occurred over the judgment of the elected prosecuting attorney and the grand jury. This is not the purpose of 545.250 RSMo." The trial court did not denominate the order a "judgment" or a "decree."

On December 15, 2014, Molette filed a "Motion to Set Aside Order." Molette argued that the trial court's dismissal of his affidavit violated his constitutional rights, because "[d]ue process requires notice and the opportunity to be heard." Molette noted that because the trial court immediately dismissed the affidavit, he was denied notice or the opportunity to be heard and make objections. On December 16, 2014, the trial court issued a "JUDGMENT/ORDER" denying the motion.

Molette filed his Notice of Appeal with the circuit court on January 16, 2015. Although Molette listed Wilson as Respondent, the record reflects that Wilson has never been served. Moreover, Molette asserted that he brought this affidavit on behalf of the State of Missouri. Accordingly, this Court directed both the St. Louis County Prosecutor's Office and the Missouri Attorney General to file memoranda addressing whether the State of Missouri would have been an appropriate party to participate in this appeal. Both offices timely responded; Molette *pro se* also filed a memorandum in reply.[2] This Court declined to make the State of Missouri a party. Jurisdictional issues raised by the parties were taken with the case. This decision follows.

## Point on Appeal

In his sole point on appeal, Molette alleges that the trial court erred in dismissing his affidavit without providing him notice and an opportunity for a hearing. Molette argues that the

---

[2] In this memorandum in reply (pages six through nine), Molette asserts an Abuse of Process claim against the State of Missouri. Because this court does not have original jurisdiction over this claim, the Abuse of Process claim is dismissed. Mo. Const. Art. V, §§ 3–4.

lack of notice and a hearing deprived him of his due-process rights under both the U.S. Constitution and the Missouri Constitution.

## Discussion

We note at the outset that Molette lacked capacity to bring this case in the circuit court. Although Molette filed with the trial court an "Affidavit for Criminal Complaint," only a prosecutor or a grand jury can initiate criminal charges. See Missouri Rules of Criminal Procedure 21 and 22. Although Molette purports to bring this case on behalf of the State of Missouri, we find no authority granting him capacity to do so. In order for a private individual to bring suit on behalf of the State of Missouri, there must be statutory authorization. Molette filed this action as "The State of Missouri on the Information of Cleve L. Molette." The Missouri legislature has enacted various statutes authorizing private individuals to file suit on behalf of the State of Missouri or authorizing individuals to file private causes of action under statutory schemes (sometimes referred to as private attorney general lawsuits).[3] Section 545.250 is not one of these statutes.

Although Molette has filed his action in this matter pursuant to the provisions of Section 545.250, this statute does nothing more than provide a vehicle through which Molette may provide information relating to a crime *for the use of the prosecuting attorney*.[4] Nowhere in Section 545.250 is the person filing the affidavit empowered or authorized to file an action,

---

[3] See, e.g., Sections 141.090 (first class counties for tax collection), 243.510 (involves performance bonds on contracts with drainage districts), 407.025 (awarding a private cause of action against violators of Section 407.020), 426.130 (providing that any person injured by a breach of the statutory assignee's bond may sue thereon in the name of the state to his use).
[4] Even assuming *arguendo* Molette had the capacity to sue on behalf of the state, this matter presents other issues that preclude us from considering the merits. For example, the record before us reveals that the prosecutor's office actually received the affidavit Molette submitted and declined to issue charges. Thus, the purpose of Section 545.250 was fulfilled, Molette obtained the relief provided under the statute notwithstanding the trial court's action, and Molette's purported action is moot.

4

criminal or otherwise, on behalf of or in the name of the State of Missouri. We are not aware of any other Missouri statute authorizing Molette to prosecute the action before us.[5] Because Molette lacked capacity to prosecute this action in the name of the state, this matter was not properly before the circuit court and is not properly before this Court. Accordingly, this matter is dismissed.

Conclusion

Because Molette lacks the capacity to prosecute this action on behalf of the State of Missouri, this matter is dismissed.

KURT S. ODENWALD, Judge

Sherri B. Sullivan, P.J., concurs.
Patricia L. Cohen, J., concurs.

---

[5] Moreover, with regard to civil actions, Missouri Rule of Civil Procedure 52.01 states that "[e]very civil action shall be prosecuted in the name of the real party in interest, but . . . a party authorized by statute may sue in their own names in such representative capacity without joining the party for whose benefit the action is brought. When a statute so provides, a civil action for the use or benefit of another shall be brought in the name of the State of Missouri." As noted above, Section 545.250 does not authorize Molette or any private individual to bring a civil action under the statute.